UNITED STATES DISTRICT COURT SUMMONS ISSUED
FOR THE EASTERN DISTRICT OF NEW YORK
EAST ISLIP DIVISION

CASE NO. CV 12 0669

BIANCO, J.

HENRY GIMENEZ
    Plaintiff,

v.

LAW OFFICES OF HOFFMAN & HOFFMAN
and JOSEPH A. HOFFMAN, ESQ.,

    Defendant(s).

) PLAINTIFF
) DEMANDS
) JURY TRIAL
)
) FILED
) IN CLERK'S OFFICE
) U.S DISTRICT COURT E.D.N.Y
)
) ★ FEB 10 2012 ★
)
) LONG ISLAND OFFICE
)
)

## COMPLAINT

BOYLE, M

Plaintiff HENRY GIMENEZ alleges as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Diversity Jurisdiction. Plaintiff, HENRY GIMENEZ is a New York State resident and Defendants LAW OFFICES OF HOFFMAN & HOFFMAN and JOSEPH A. HOFFMAN principle place of business is in the State of California. The amount in controversy is $75,030.00

2. This Court has personal jurisdiction over the Defendants, and venue is proper in the Eastern District of New York, because defendants HOFFMAN & HOFFMAN knowingly permitted its client, Daniel Chartraw to solicit lenders (Plaintiff herein) and transact business in the State of New York. For example, by circulating defendants, HOFFMAN

& HOFFMAN'S Attestation Letter to Plaintiff in this District where plaintiff's wiring transaction of $75,000.00 into Defendant JOSEPH A. HOFFMAN ESQ'S client-trust account occurred.

## II. PARTIES

3. That at all times hereinafter mentioned, and upon information and belief, Plaintiff, HENRY GIMENEZ resides at 2 Dunes Lane, Port Washington, County of Nassau, State of New York.

4. That at all times hereinafter mentioned, and upon information and belief, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a domestic corporation with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

5. That at all times hereinafter mentioned, and upon information and belief, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a partnership with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

6. That at all times hereinafter mentioned, and upon information and belief, Defendant, LAW OFFICES OF HOFFMAN & HOFFMAN is a sole proprietorship with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

7. That at all times hereinafter mentioned, and upon information and belief, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney duly licensed to practice law in the State of California and resides in Folsom California with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

8. That at all times hereinafter mentioned, and upon information and belief, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney and owner of defendant, LAW OFFICES OF

HOFFMAN & HOFFMAN with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

9. That at all times hereinafter mentioned, and upon information and belief, Defendant, JOSEPH A.HOFFMAN, Esq is an attorney and partner of defendant, LAW OFFICES OF HOFFMAN & HOFFMAN with its principle office at 2600 E. Bidwell Street, Ste 240, Folsom California 95630.

## III. INTRODUCTION

10. That at all times hereinafter mentioned, and upon information and belief, on April 4, 2011, the Defendants, LAW OFFICES OF HOFFMAN & HOFFMAN and JOSEPH A. HOFFMAN, Esq. (herein "HOFFMAN & HOFFMAN" provided a duly executed Attestation Letter and delivered the letter to its client, Daniel Chartraw on behalf of Daniel Chartraw and Nexus Development, LLC. The Attestation Letter claims that Nexus Development, LLC. is the primary shareholder of AZROCK Holdings, LLC., and that Daniel Chartraw has the authority to contract on behalf of both companies.

11. That at all times hereinafter mentioned, and upon information and belief, Defendant JOSEPH A.HOFFMAN represented in the letter that the purpose of the Attestation Letter is to verify that Daniel Chartraw and Nexus Development, LLC are clients of Defendants, HOFFMAN & HOFFMAN and to attest that its clients, Daniel Chartraw and Nexus Development, LLC own at least one ton of dory bars with a value of at least $6 million dollars.

12. That at all times hereinafter mentioned, and upon information and belief, the defendants' LAW OFFICES OF HOFFMAN & HOFFMAN's Attestation Letter provided terms for a short term bridge loan for its client, Daniel Chartraw's alleged gold mining businesses.

The Attestation Letter also included the percentage and amount of return to be paid back to the lender(s) and the timing of the return payment.

13. Most importantly, the Attestation Letter provided instructions to deposit money directly into JOSEPH A. HOFFMAN ESQ'S client-trust account *(JP Morgan Chase Bank account ending 1627 for the benefit of Joseph A. Hoffman Attorney At Law)*.

14. That at all times hereinafter mentioned, and upon information and belief, on June 7, 2011 plaintiff relied on the representations made in Defendant, HOFFMAN & HOFFMAN'S Attestation Letter and wired $75,000.00 to JP Morgan Chase Bank account ending 1627 for the benefit of Joseph A. Hoffman Attorney At Law.

15. That at all times hereinafter mentioned, and upon information and belief, Plaintiff attempted to contact defendant, JOSEPH A. HOFFMAN via Email on August 1, 2011 to confirm that the representations made in the Firms Attestation Letter were true and its authenticity.

16. Defendant, JOSEPH A. HOFFMAN did not respond and returns on the loan were never received.

17. That at all times hereinafter mentioned, and upon information and belief, on September 23, 2011 a demand letter was sent to the LAW OFFICES OF HOFFMAN & HOFFMAN via Certified Mail Return Receipt by plaintiff's attorney, the undersigned herein demanding return of $75,000.00.

18. The Federal Bureau of Investigation contacted plaintiff, HENRY GIMENEZ via letter identifying him as a possible victim in an "FBI" Forfeiture investigation concerning Daniel Chartraw.

19. Further investigation revealed that a lawsuit had been filed on September 30, 2010 in Harris County District Court Case No.: 2010-64521 naming AZ ROCK LLC as a defendant involved in a scheme to defraud lenders by promising them a share in the profits in the gold mining business.

20. That at all times hereinafter mentioned, and upon information and belief, as a result of the conduct described in this Complaint, the Defendants, HOFFMAN & HOFFMAN negligently misrepresented material facts in its Attestation Letter without any due diligence to verify the truth of the facts represented, knowingly allowing plaintiff HENRY GIMENEZ to detrimentally rely on the misrepresentation of facts made in the Attestation Letter concerning Defendants HOFFMAN & HOFFMAN'S client Daniel Chartraw and to disburse plaintiff's $75,000.00 to Daniel Chartraw directly from Joseph A. Hoffman Esq's client-trust account with a $30.00 fee for the wire causing Plaintiff pecuniary loss and damages.

21. The Plaintiff, HENRY GIMENEZ respectfully requests that the Court enter judgment against Defendants in the amount of $75,030.00 plus interest from June 7, 2011, plus attorneys fees and costs and such other and further relief as this Court deems just and proper.

## CAUSE OF ACTION AGAINST THE DEFENDANTS FOR NEGLIGENT MISREPRESENTATION

22. The plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" **through "21"** with the same force and effect as though fully set forth herein.

23. That at all times hereinafter mentioned, and upon information and belief the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce,

and of the mails in connection with the solicitation of lenders knowingly, willfully, recklessly and negligently made material false statements without use due diligence to discover the truth of the statements made in defendants Attestation Letter in which Plaintiff detrimentally relied causing pecuniary loss.

24. That at all times hereinafter mentioned, and upon information and belief the defendant made false statements, honestly believing that they were true, but without reasonable ground for such belief.

25. That at all times hereinafter mentioned, and upon information and belief there is an existence of a special or privity-like relationship imposing a duty on the defendants to impart correct information to the plaintiff; that the information was incorrect; and plaintiff's reasonable reliance on the information. The Defendants' had a duty of care to the plaintiff in receiving plaintiff's deposit of $75,000.00 in defendant's JOSEPH A. HOFFMAN's attorney Client Trust account and knowingly receiving the monies based on the material representations and terms made in Defendants' own Attestation Letter.

26. That at all times hereinafter mentioned, and upon information the plaintiff relied on these material misrepresentations made in defendant's Attestation Letter to his detriment causing pecuniary loss and Plaintiff would probably not have done so without such material misrepresentation.

27. That at all times hereinafter mentioned, and upon information the misrepresentation was an immediate cause of the plaintiff's conduct which altered his legal relations, and when without such misrepresentation plaintiff would not, in all reasonable probability, have entered into the transaction.

28. By reason of the foregoing, the Defendants negligent material misrepresentation directly caused plaintiff's pecuniary loss in the amount of $75,030.00 plus interest.

### **RELIEF REQUESTED**

**WHEREFORE**, the Plaintiff, HENRY GIMENEZ respectfully requests that the Court, enter judgment against the defendants, JOSEPH A.HOFFMAN, Esq and the LAW OFFICES OF HOFFMAN & HOFFMAN in the amount of $75,030.00 plus interest from June 7, 2011, attorneys fees and costs and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Law Office of Henry Stanziale, Esq.

January 17, 2012

By: Henry Stanziale, Esq.
New York Bar #1599398
Telephone: (516) 746-6054
Facsimile: (516) 746-6321
E-mail: H.Stanziale@verizon.net