UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HENRY GIMENEZ,

                Plaintiff,

        -against-

LAW OFFICES OF HOFFMAN & HOFFMAN
and JOSEPH A. HOFFMAN, ESQ.,

                Defendants.

-------------------------------------------------------------X

                             Docket No.: CV 12 0669
                             (JFB)(ETB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

                           Kaufman Dolowich Voluck & Gonzo LLP
                           Attorneys for Defendants
                           135 Crossways Park Drive, Suite 201
                           Woodbury, New York 11797
                           (516) 681-1100

On the brief:
        Michael V. DeSantis, Esq.
        Elika Eftekhari, Esq.

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

POINT I ...................................................................................................................... 6

PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A NEGLIGENT
MISREPRESENTATION CLAIM UPON  WHICH RELIEF MAY BE GRANTED .................. 6

  A.  The Amended Complaint Does Not Allege Facts Supporting The
      Existence of a Duty Owed by Defendants to Plaintiff ........................................ 7

  B.  The Amended Complaint Does Not Allege Facts Supporting
      Justifiable Reliance Upon the Draft Attestation Letter ..................................... 10

  C.  The Negligent Misrepresentation Claim Does Not Comport with FRCP Rule 9(b) ......... 13

POINT II ..................................................................................................................... 15

PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A
FRAUD CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................ 15

  A.  The Fraud Claim Does Not Comport with FRCP Rule 9(b) ............................................. 15

  B.  Plaintiff's Amended Complaint Fails to Allege The Requisite
      Elements of a Fraud Claim .................................................................................. 15

      i.  Factual Allegations of Scienter are Absent ................................................. 15

      ii.  Factual Allegations of Justifiable Reliance are Absent ............................... 16

POINT III..................................................................................................................... 17

PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A
NEGLIGENCE CLAIM UPON WHICH RELIEF MAY BE GRANTED.................................. 17

POINT IV..................................................................................................................... 18

i

PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A
BREACH OF FIDUCIARY DUTY CLAIM UPON WHICH RELIEF
MAY BE GRANTED ...................................................................................................... 18

   A.  Defendants Did Not Owe a Duty to Plaintiff ................................................................... 18

POINT V ........................................................................................................................... 21

PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE AN
INTENTIONAL MISREPRESENTATION CLAIM UPON WHICH
RELIEF MAY BE GRANTED ....................................................................................... 21

   A.  Factual Allegations of Intention to Defraud are Absent ..................................................... 22

   B.  Factual Allegations of Justifiable Reliance are Absent ...................................................... 22

   C.  Plaintiff's Intentional Misrepresentation Claim Does Not
      Comport with FRCP Rule 9(b) ................................................................................... 22

CONCLUSION ................................................................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

<u>PAGE NO.</u>

**Cases**

*Acito v. IMCERA Group, Inc.,*
47 F.3d 47(2d Cir. 1995)..............................................................................................15

*Ackerman, et al. v. The Coca-Cola Company,*
2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. 2010)..........................................................21

*AHT Corp. v. BioShield Techs., Inc.,*
292 B.R. 734 (S.D.N.Y. 2003).....................................................................................12

*Apace Communications, Ltd. v. Burke,*
522 F. Supp. 2d 509 (W.D.N.Y. 2007).........................................................................15

*Atkins v. Apollo Real Estate Advisors, L.P.,*
2008 U.S. Dist. LEXIS 35514 (E.D.N.Y. 2008)............................................................2

*B & M Linen, Corp. v. Kannegiesser, USA, Corp.,*
679 F. Supp. 2d 474 (S.D.N.Y. 2010)..........................................................................21

*Bombardier Capital Inc. v. Naske Air GMBH,*
2003 U.S. Dist. LEXIS 16173 (S.D.N.Y. 2003)...........................................................11

*Cohen v. Avande,*
2012 U.S. Dist. LEXIS 83619 (S.D.N.Y. 2012).............................................................7

*Credit Alliance Corp. v. Arthur Andersen & Co.,*
65 N.Y.2d 536, 483 N.E.2d 110, 493 N.Y.S.2d 435 (1985)................................8, 9, 10

*Crossland Savings v. Rockwood Ins. Co.,*
692 F. Supp. 1510 (S.D.N.Y. 1988)...............................................................................6

*Felfe v. CIBA Vision Corp.,*
2004 U.S. Dist. LEXIS 4350 (S.D.N.Y. 2004).............................................................22

*Friedman v. Stern,*
1992 U.S. Dist. LEXIS 3033  (S.D.N.Y. 1992)......................................................19, 20

*Gaddy v. Eisenpress,*
1999 U.S. Dist. LEXIS 19710  (S.D.N.Y. 1999)...........................................................17

*Gianoukas v. Campitielo,*
2009 U.S. Dist. LEXIS 95354 (S.D.N.Y. 2009) .................................................................. 17, 19

*Hydro Investors, Inc. v. Trafalgar Power, Inc.,*
227 F.3d 8 (2d Cir. 2000) ........................................................................................... 7, 10

*Infanti and Infanit International, Inc. v. Scharpf,*
2012 U.S. Dist. LEXIS 19165 (E.D.N.Y. 2012) .................................................................. 18

*Kaufman v. Cohen,*
307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dept. 2003) ......................................................... 15

*Kimmell v. Schaefer,*
89 N.Y.2d 257, 675 N.E.2d 450, 652 N.Y.S.2d 715 (1996) ................................... 10, 11, 17

*Lerner v. Fleet Bank, N.A.,*
459 F.3d 273 (2d Cir. 2006) ................................................................................. 13, 15

*Mackley v. Sullivan & Liapakis, P.C.,*
1999 U.S. Dist. LEXIS 6557 (S.D.N.Y. 1999) .................................................................. 21

*Muller-Painser v. TIAA,*
289 Fed. Appx. 461 (2d Cir 2008) ................................................................................. 18

*Prudential Ins. Co. v. Dewey Ballantine,*
80 N.Y.2d 377 605 N.E.2d 318, 590 N.Y.S.2d 831 (1992) ................................................. 8, 9

*Rombach v. Chang,*
355 F.3d 164 (2d Cir. 2004) ........................................................................................... 13

*Segal v. Gordon,*
467 F.2d 602 (2d Cir. 1972) ........................................................................................... 14

*Shahzad v. H.J. Meyers & Co.,*
923 F. Supp. 57 (S.D.N.Y. 1996) ................................................................................. 16

*Shields v. Citytrust Bancorp, Inc.,*
25 F.3d 1124 (2d Cir. 1994) ........................................................................................... 13

*SKR Resources v. Players Sports,*
938 F. Supp. 235 (S.D.N.Y. 1996) ................................................................................. 11

*Stewart v. Jackson & Nash,*
976 F.2d 86 (2d Cir. 1992) ........................................................................................... 7

iv

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank,*
250 F.3d 87 (2d Cir. 2001)......................................................................................................... 7, 11

*Swiatkowski v. Citibank,*
745 F. Supp. 2d 150 (E.D.N.Y. 2010) ........................................................................................... 1

*Trustees of the Local 138 Pension Trust Fund v. Logan Circle Partners, L.P.,*
2012 U.S. Dist. LEXIS 73334 (E.D.N.Y. 2012)........................................................................... 18

## PRELIMINARY STATEMENT

This Memorandum of Law and Declaration of Michael V. DeSantis, Esq. are submitted collectively by Defendants, LAW OFFICES OF HOFFMAN & HOFFMAN ("H&H") and JOSEPH A. HOFFMAN, ESQ. ("Mr. Hoffman") in support of their motion to dismiss the Amended Complaint, pursuant to FRCP 12(b)(6), upon the grounds that it fails to state any claim upon which relief may be granted. A copy of the Amended Complaint is annexed to the DeSantis Declaration as Exhibit "A".

This case arises out of an alleged scam wherein plaintiff claims he was defrauded out of $75,000 by an individual known as "Daniel Chartraw". In this case, plaintiff seeks to recoup his $75,000 not from the alleged fraudster, Mr. Chartraw, but rather, from Mr. Chartraw's former lawyer in California, Mr. Hoffman.

In his diversity jurisdiction action Amended Complaint, plaintiff asserts five (5) claims against defendants: negligent misrepresentation, fraud, negligence, breach of fiduciary duty and intentional misrepresentation. Plaintiff's sole factual basis for asserting all five claims is the language contained in a single draft letter (the alleged "draft Attestation Letter") that Mr. Hoffman allegedly drafted not for plaintiff but, rather, for his then-client, Daniel Chartraw. A copy of the draft Attestation Letter is annexed to the DeSantis Declaration as Exhibit "B". [1]

In his Amended Complaint, plaintiff contends that based on the draft Attestation Letter, he wired $75,000 to Mr. Chartraw's attorney-client trust account, established by Mr. Hoffman. However, based upon a review of the draft Attestation Letter, together with the allegations

---

[1] In *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010), this Court noted that in adjudicating a Rule 12(b) motion, it is entitled to consider: (a) documents integral to the complaint even if not attached or incorporated by reference; and (b) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint. Consequently consideration of the draft Attestation Letter is proper.

asserted (and those not asserted) in the Amended Complaint, it is apparent that plaintiff has not asserted any claim upon which relief may be granted.

What should first be emphasized is what the Amended Complaint does <u>not</u> allege. In his Amended Complaint: plaintiff does <u>not</u> allege that he was ever a client of defendants (because he was not); plaintiff does <u>not</u> allege that he received the draft Attestation Letter from defendants (because he did not); does <u>not</u> allege that he entered into an escrow agreement with defendants (because he did not); plaintiff does <u>not</u> allege that he ever met with or spoke to defendants at any time <u>prior</u> to wiring the $75,000 to Mr. Chartraw's attorney-client trust account (because he did not); plaintiff does <u>not</u> allege that the draft Attestation Letter was specifically addressed to him or intended for him (because it was not); and plaintiff does <u>not</u> allege that defendants had any knowledge of plaintiff's existence prior to his wiring the $75,000 to Mr. Chartraw's attorney-client trust account (because they did not).

What should next be emphasized is what the Amended Complaint alleges that is contradicted by the draft Attestation Letter itself.[2]  Stated another way, the Amended Complaint alleges that the draft Attestation Letter contains certain statements that, in reality, it does <u>not</u>.

For example, the Amended Complaint inaccurately alleges that the draft Attestation Letter provided "instructions" about depositing money. (Exhibit A [Amended Complaint], ¶13). However, the draft Attestation Letter contains no instructions whatsoever concerning the deposit money. (*See*, Exhibit B [draft Attestation Letter]).

Next, the Amended Complaint inaccurately alleges that the draft Attestation Letter concerned a "bridge loan". (Exhibit A [Amended Complaint], ¶12). However, a review of the

---

[2] When documentary evidence contradicts allegations of complaint, courts need not credit the allegations on a Rule 12(b)(6) motion. *See, e.g. Atkins v. Apollo Real Estate Advisors, L.P.*, 2008 U.S. Dist. LEXIS 35514, pages 22-23 (E.D.N.Y. 2008). ("allegations contradicted by documents submitted with the complaint or incorporated by reference in the pleadings are not accepted as true").

draft Attestation Letter reveals that the term "bridge loan" is <u>not</u> contained therein. (*See*, Exhibit B [draft Attestation Letter]).

Similarly, the Amended Complaint alleges that the draft Attestation Letter identified an account maintained at "JP Morgan Chase Bank" as involved in Mr. Chartraw's scam. (Exhibit A [Amended Complaint], ¶13). However, the entity "JP Morgan Chase" is <u>not</u> mentioned in the draft Attestation Letter. (*See*, Exhibit B [draft Attestation Letter]).

Likewise, the Amended Complaint also alleges that the draft Attestation Letter identified a bank account number. (Exhibit A [Amended Complaint], ¶13). However, no bank account number is stated in the draft Attestation Letter. (*See*, Exhibit B [draft Attestation Letter]).

Moreover, the Amended Complaint also alleges that plaintiff "wired" money in reliance upon the draft Attestation Letter. (Exhibit A [Amended Complaint], ¶14). However, not only are there <u>no</u> wiring instructions contained in the draft Attestation Letter, but the terms "wire" and "wiring" are <u>not</u> even contained in the draft Attestation Letter. (*See*, Exhibit B [draft Attestation Letter]).

Finally, the Amended Complaint also alleges that the plaintiff's loan amount was $75,000. (Exhibit A [Amended Complaint], ¶14). However, the draft Attestation Letter does <u>not</u> contain the figure "$75,000" and/or that a "$75,000 loan" was at issue. (*See*, Exhibit B [draft Attestation Letter]).

As appears from the foregoing, the Amended Complaint fails to contain certain vital allegations and also contains allegations that are flatly contradicted by the <u>sole</u> piece of documentary evidence that this case concerns, *i.e.*, the draft Attestation Letter.

There are two (2) primary reasons why plaintiff's Amended Complaint fails to state any claim upon which relief may be granted. Namely, the Amended Complaint fails to demonstrate:

(1) the existence of a duty owed by defendants to plaintiff; and (2) plaintiff's justifiable reliance upon the draft Attestation Letter.

As to plaintiff's claims based on negligent misrepresentation (first cause of action); negligence (third cause of action); and breach of fiduciary duty (fourth cause of action), these claims fail due to an absence of a duty owed to plaintiff by defendants.

In the Amended Complaint, plaintiff does <u>not</u> allege that he retained defendants as counsel. Plaintiff does <u>not</u> allege that defendants made any direct representations to him prior to Mr. Chartraw receiving his $75,000. Plaintiff does not allege facts showing a "special relationship" between he and defendants. In fact, plaintiff fails to allege that he had any form of contact whatsoever with defendants <u>prior</u> to Mr. Chartraw receiving his $75,000. The absence of allegations of an attorney-client relationship, any direct representations by defendants to plaintiff, and/or any contact whatsoever with defendants is tantamount to an absence of privity (or a relationship approaching privity) between plaintiff and defendants. In the absence of privity, no duty is owed and without a duty, there can be no liability as a matter of law. Consequently, plaintiff's first, third and fourth claims fail to state a claim upon which relief may be granted.

As to plaintiff's claims based on negligence misrepresentation (first cause of action), fraud (second cause of action); and intentional misrepresentation (fifth cause of action) these claims fail to state a claim upon which relief may be granted due to plaintiff's lack of justifiable reliance on the draft Attestation Letter.

A review of the draft Attestation Letter reveals that it was <u>not</u> addressed to plaintiff, or anyone else. The draft Attestation Letter does <u>not</u> contain any solicitation language and does <u>not</u> provide for any investment instructions to anyone. Plaintiff does <u>not</u> allege that the draft

4

Attestation Letter was provided to him by defendants. Prior to investing his money, plaintiff had no contact whatsoever with defendants. Based on these facts, reliance upon the draft Attestation Letter between plaintiff (or anyone else) was not justifiable. In the absence of justifiable reliance, plaintiff's first, second, and fifth claims fail to state any claim upon which relief may be granted as a matter of law.

In addition to these two (2) primary reasons why the Amended Complaint fails to state any claim upon which relief may be granted, there are additional reasons why the Amended Complaint fails to allege a fraud, negligence and breach of fiduciary duty claim upon which relief may be granted.

As to plaintiff's fraud claim (second cause of action), this claim also fails to state a claim upon which relief may be granted because the allegations do not satisfy the unique and heightened pleading requirements pursuant to FRCP Rule 9(b). In addition, this claim fails based on the absence of allegations of scienter.

As to the negligence and breach of fiduciary duty claims, to the extent that plaintiff's Amended Complaint may be construed to imply liability arising out of defendants' purported role as "escrow agent" with respect to the Mr. Chartraw's attorney-client trust account, it is of no moment. Even if the Court were to construe Mr. Chartraw's attorney-client trust account as an "escrow account", these claims fail to state a claim upon which relief may be granted because of the failure to allege facts showing that plaintiff and defendants entered into an escrow agreement (because they did not).

Based on the foregoing, the Amended Complaint must be dismissed pursuant to FRCP 12(b)(6) for failure to state any claim upon which relief may be granted.

## POINT I

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A NEGLIGENT MISREPRESENTATION CLAIM UPON WHICH RELIEF MAY BE GRANTED

Initially, it must be noted that federal diversity jurisdiction choice-of-law principles require the application of New York law in this action. New York courts apply an "interest analysis" in determining the law to be applied in a tort action whereby the substantive tort law of the state that has the greatest interest in the occurrence and the parties governs. *See, Crossland Savings v. Rockwood Ins. Co.*, 692 F. Supp. 1510, 1512 (S.D.N.Y. 1988).

*Crossland* involved the issue of an attorneys' liability to non-clients (such as alleged herein). There, plaintiffs, New York residents, claimed that defendants-attorneys, who were Texas residents, transmitted documents containing misrepresentations upon which they relied to their detriment. *Crossland,* 692 F. Supp. at 1512. In holding that New York law governed, the court noted:

> Although Texas does have some interest in the regulation of professionals licensed to practice in that state…the interests of New York in regulating conduct within its borders outweighs those of Texas…. Further, where the tort is one of misrepresentation, the substantive law of the state in which the misrepresentation is made and the parties have taken action in reliance thereon is applicable.

*Crossland,* 692 F.Supp at 1512.

Here, defendants are residents of California. However, plaintiff is a resident of New York. Plaintiff alleges to have received and relied upon the draft Attestation Letter in New York. Plaintiff's five claims are based in tort, two of which are based on misrepresentation. Therefore, New York has the greatest interest in the litigation and New York substantive law is applicable.

Under New York law, in order to sufficiently state a negligent misrepresentation claim, plaintiff must allege facts showing that: (1) defendant owed a duty, as a result of a special

6

relationship, to give correct information; (2) defendant made a false representation that he should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his detriment. *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). Here, the Amended Complaint fails to allege facts establishing <u>all</u> the elements but most notably the absence of a duty owed (i.e., element (1)) and reasonable reliance upon the draft Attestation Letter (i.e., element (4)).

**A.    The Amended Complaint Does Not Allege Facts Supporting The Existence of a Duty Owed by Defendants to Plaintiff**

As set forth above, plaintiff must allege facts showing a duty (originating from a "special relationship") owed by defendant to plaintiff.    A duty arising from a "special relationship" is synonymous with a fiduciary duty. *See, e.g., Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992)("under New York law, a plaintiff may recover for negligent misrepresentation only where the defendant owes her a fiduciary duty"); *Cohen v. Avande*, 2012 U.S. Dist. LEXIS 83619, page 29 (S.D.N.Y. 2012).

Under New York law, in determining whether a "special relationship" (and therefore duty) exists, courts consider whether: (a) defendant held or appeared to hold unique or special expertise; (b) a special relationship of trust or confidence existed between the parties; and (c) defendant was aware of the use to which the information would be put and supplied it for that purpose. *See, e.g., Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 103 (2d Cir. 2001).    Here, plaintiff has alleged no facts showing any of the foregoing three considerations. In fact, as to element "(b)", the Amended Complaint <u>fails to allege facts showing any relationship whatsoever</u> between plaintiff and defendants, much less than a "special" relationship between the two.

7

*Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 483 N.E.2d 110, 493 N.Y.S.2d 435 (1985) is instructive. *Credit Alliance* involved the issue of a professional's (i.e., accountant) liability to non-clients based on statements made in documents. The Court held that in order for a professional to be liable to non-clients who rely to their detriment on inaccurate documents, the non-client must alleged and prove that: (1) the professional was aware that the documents were to be used for a particular purpose; (2) in the furtherance of which a known party was intended to rely; and (3) there was some conduct by the professional linking them to the non-client, which evinces the professional's understanding of that non-client's reliance. *Credit Alliance*, 65 N.Y.2d at 551.

In holding that the plaintiffs failed to allege a relationship of privity and dismissing the negligence claim, the court was persuaded by the facts that: (i) there was no adequate allegation of a particular purpose for the reports' preparation; (ii) no claim was made that defendant was employed to prepare the reports with the particular purpose of inducing plaintiffs' reliance to extend credit; (iii) there was no allegation of any direct dealings between defendant and plaintiffs; (iv) there was no allegation that the defendant had agreed with its client to prepare the report for plaintiffs' use or according to plaintiffs' requirements; (v) there was no allegation that defendant had specifically agreed with its client to provide plaintiffs with a copy of the report or actually did so; and (vi) there was "simply no allegation of any word or action on the part of [defendant] directed to plaintiffs." *Id.* at 553-54.

In *Prudential Ins. Co. v. Dewey Ballantine*, 80 N.Y.2d 377, 382, 605 N.E.2d 318, 590 N.Y.S.2d 831 (1992), the Court of Appeals of New York affirmed that the jurisprudence concerning duties owed to third-party non-clients, largely in the context of defendant accountant firms, applied with respect to attorneys. The court held that before a plaintiff can recover in tort

8

for damages as a result of negligent misrepresentations, "there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity." *Prudential* at 382.

In *Prudential*, the defendant law firm furnished an opinion letter to the plaintiff third-party regarding the restructuring of a debt that plaintiff owed to defendant's client. *Id.* at 379. In contrast to *Credit Alliance*, the *Prudential* Court found that there was a relationship of privity between the parties. *Id.* at 385. Comparing the allegations of *Prudential* with the instant case conclusively establishes the inadequacy of the pleading herein.

First, in *Prudential*, the law firm was "well aware" that the opinion letter that its client directed it to prepare <u>was</u> <u>to</u> <u>be</u> <u>used</u> <u>by</u> <u>plaintiff</u> in deciding whether to permit debt restructuring. *Id.* "Thus, the end and aim of the opinion letter was to provide [plaintiff] with the financial information it required." *Id.*

Moreover, the *Prudential* Court noted that by <u>addressing</u> and <u>sending</u> the opinion letter <u>directly to the plaintiff</u>, the defendant "clearly engaged in conduct which evinced its awareness and understanding that [plaintiff] would rely on the letter, and provided the requisite link between the parties." *Id.* Therefore, the court held that "the bond between [defendant] and [plaintiff] was sufficiently close to establish a duty of care..." *Id.*

Here, in contrast, the Amended Complaint does <u>not</u> allege any direct communications, contacts or dealings between plaintiff and defendants <u>prior</u> to wiring the funds. The Amended Complaint does <u>not</u> allege a particular purpose for the draft Attestation Letter. The Amended Complaint does <u>not</u> allege that defendants drafted the draft Attestation Letter with the purpose of inducing plaintiff's reliance, or that it was even addressed to plaintiff. The Amended Complaint does <u>not</u> allege that defendants agreed with Mr. Chartraw to provide plaintiff with a copy of the

9

draft Attestation Letter.  Moreover, plaintiff does <u>not</u> allege that he ever entered into a formal contract with defendants and/or that defendants ever sent him any bills or correspondence.

The allegations in the Amended Complaint almost precisely mirror the failings of the allegations brought by the plaintiff in *Credit Alliance*.  *Prudential* highlights the detailed and specific criteria needed for a third-party non-client to allege a sufficient relationship of privity such as to give rise to a duty in tort which is absent here.

For these reasons, the negligent misrepresentation claim fails as a matter of law and must be dismissed.

**B.     The Amended Complaint Does Not Allege Facts Supporting Justifiable Reliance Upon the Draft Attestation Letter**

Even if the Court were to find that the Amended Complaint sufficiently alleges facts showing a "duty" owed, it must still be dismissed for want of justifiable reliance.  Liability for negligent misrepresentation may be imposed when plaintiff's reliance on the negligent misrepresentation was justified.  *See, e.g., Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000).

In *Kimmell v. Schaefer*, 89 N.Y.2d 257, 675 N.E.2d 450, 652 N.Y.S.2d 715 (1996), the New York Court of Appeals set forth the three-part test to determine whether an injured party's reliance on a misrepresentation was "justified":

> In determining whether justifiable reliance exists in a particular case, a fact finder should consider whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose.

*Kimmel*, 89 N.Y.2d at 264.

10

In finding that plaintiffs demonstrated justifiable reliance on the defendant attorney's misrepresentations, the *Kimmel* Court emphasized that the defendant had expertise in the company in light of his CEO and CFO roles, had provided projections to be disbursed to investors generally, had met with each plaintiff and urged plaintiffs to rely on the projections. Thus, every factor of the three-part test was met.

In *Bombardier Capital Inc. v. Naske Air GMBH*, 2003 U.S. Dist. LEXIS 16173 (S.D.N.Y. 2003), the court dismissed the defendants' counterclaim of negligent misrepresentation, holding that the defendants' adequate pleading of only one of the three *Kimmel* factors was <u>insufficient</u> to survive a motion to dismiss. *Id.* at page 13 (citing *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 103-104 (2d Cir. 2001) (adequate pleading of <u>two</u> *Kimmel* factors sufficient to overcome a motion to dismiss). Here, even under the most generous interpretation, the Amended Complaint at best can satisfy only <u>one</u> of the *Kimmel* factors, which is insufficient to survive a motion to dismiss.

Most importantly, there are no allegations of a special relationship of trust or confidence between plaintiff and defendants. In fact, the Amended Complaint fails to allege facts showing any relationship whatsoever between plaintiff and defendants. Further, plaintiff makes no allegation that defendants were aware of the use to which the draft Attestation Letter would be put and supplied it for that same purpose.

In *SKR Resources*, the court found no justifiable reliance where "although Plaintiff had the means of ascertaining the validity of the representations in the Letter Agreement by contacting the Defendant and inquiring about the trade credits language, it failed to do so." *SKR Resources v. Players Sports*, 938 F. Supp. 235, 240 (S.D.N.Y. 1996).

11

Additionally, in *AHT Corp. v. BioShield Techs., Inc.*, 292 B.R. 734, 743 (S.D.N.Y. 2003), the court dismissed the fraud claim with respect to one individual defendant as a preliminary matter, having found that there was no evidence that the defendant "ever made any statement, on any subject, to any representative of AHT – or for that matter was ever asked to do so."

Here, Plaintiff does not allege that he received the draft Attestation Letter firsthand from defendants. (*See*, Exhibit A [Amended Complaint], ¶10). This fact in and of itself should have motivated plaintiff to conduct ordinary diligence – as simple as picking up the telephone to call defendants prior to making his alleged wire transfer. The draft Attestation Letter shows defendants' names, address, phone and fax numbers in boldfaced font. Plaintiff implicitly concedes that he did not contact defendants about the draft Attestation Letter until nearly two months after he had executed his wire transfer to the client-trust account. (*See*, Exhibit A [Amended Complaint], ¶15).

Likewise, plaintiff does not allege that the draft Attestation Letter was addressed to him specifically, or that defendants transmitted the draft Attestation Letter to him, or that defendants ever initiated any contact with plaintiff or were asked to do so. Plaintiff's failure to allege that defendants ever made any statement directly to him negates the justifiability of plaintiff's reliance upon the draft Attestation Letter.

Beyond this, plaintiff's lack of reliance (justified or otherwise) upon the draft Attestation Letter is further contradicted by documents associated with the criminal action pending against Mr. Chartraw captioned; "*United States of America v. Chartraw*", USDC, E.D.CA., docket no.: 12-mj-00051 KJN. In that case, the Federal Bureau of Investigation filed an affidavit in support of the criminal complaint, a copy of which is annexed to the DeSantis Declaration as Exhibit "C". The FBI affidavit states that:

12

In approximately May 2011, **Daniel Chartraw, convinced** two individuals, [Henry Gimenez] and [Jonathan Cannon] to wire him $75,000 (on June 7, 2011) and $25,000, respectively . . .

Chartraw told [Henry Gimenez] he would provide collateral for the loan in the form of $300,000 worth of gold bars that he was currently shipping to [Jonathon Cannon] in New York. [Jonathon Cannon] was to hold the gold bars as collateral. Chartraw sent an email with Bill of Lading attached to [Jonathon Cannon] and [Jonathon Cannon] forwarded a copy of a Bill of Lading to [Henry Gimenez].... **[Henry Gimenez was reassured by Chartraw** that his loan would be safe as the Bill of Lading demonstrated Chartraw had sent the collateral to [Jonathon Cannon]. [Henry Gimenez] then agreed to loan Chartraw $75,000. **Chartraw** told [Henry Gimenez] he was using an attorney by the name of [Joseph Hoffman] located in Folsom, California, to facilitate the transaction and **sent [Henry Gimenez] an email with instructions to wire transfer** $75,000 to an escrow account, number XXXXX9731, maintained by [Joseph Hoffman] at JP Morgan Chase. (emphasis added).

(DeSantis Declaration, Exhibit C [FBI Affidavit] page 3-4).

Based on the foregoing, it appears that plaintiff received his wiring instructions directly from Mr. Chartraw (and not defendants) and that plaintiff relied on Mr. Chartraw's representations (and not defendants). Thus, plaintiff's reliance, if any, upon the draft Attestation Letter was not justified. Consequently, plaintiff's second claim must be dismissed as a matter of law.

**C.    The Negligent Misrepresentation Claim Does Not Comport with FRCP Rule 9(b)**

The heightened pleading requirements of FRCP Rule 9(b) apply not only to fraud claims but also to negligent misrepresentation claims such as asserted by plaintiff herein. *See, e.g. Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006). In order to meet the pleading requirements of Rule 9(b), plaintiff must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128, (2d Cir. 1994), *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004) (noting that

plaintiffs alleging fraud "must do more than say that the statements...were false and misleading; they must demonstrate with specificity why and how that is so").

Importantly, pursuant to Rule 9(b), pleadings cannot be based upon allegations prefaced by "upon information and belief". *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972)("[a]s a general rule...Rule 9(b) pleadings cannot be based upon information and belief."). Here, the important allegations set forth in the Amended Complaint are couched "upon information and belief" and do not satisfy the particularity standard of Rule 9(b).

Plaintiff fails to allege where and when the allegedly fraudulent statements, as contained in the draft Attestation Letter, were made. Plaintiff fails to allege that defendants' allegedly fraudulent statements, as contained in the draft Attestation Letter, were even made to him at all. Rather, the Amended Complaint states only that "upon information and belief, on April 4, 2011, the Defendants...delivered the letter [draft Attestation Letter] to its client, Daniel Chartraw." (*See*, Amended Complaint, ¶10). The Amended Complaint completely bypasses where and when plaintiff received the draft Attestation Letter. Further, the Amended Complaint alleges that "upon information and belief, on June 7, 2011, plaintiff relief on the...Attestation Letter." (*See*, Exhibit A [Amended Complaint], ¶14). Plaintiff cannot maintain his negligent misrepresentation claim when plaintiff has failed to allege how, where or when he even received the draft Attestation Letter and when these important allegations are couched "upon information and belief."

Based on the foregoing, plaintiff's Amended Complaint fails to state a negligent misrepresentation claim upon which relief may be granted.

14

## POINT II

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A FRAUD CLAIM UPON WHICH RELIEF MAY BE GRANTED

To state a claim for fraud in New York, plaintiff must allege a representation of material fact; (b) the falsity of the representation; (c) knowledge by the party making the representation that it was false when made; (d) justifiable reliance by the plaintiff; and (e) resulting injury. *See, e.g., Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) and *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157 (1st Dept. 2003). Moreover, the foregoing elements must be pled in conformity with the heightened pleadings requirements of FRCP Rule 9(b). *See, e.g., Apace Communications, Ltd. v. Burke*, 522 F. Supp. 2d 509, 514 (W.D.N.Y. 2007).

### A.     The Fraud Claim Does Not Comport with FRCP Rule 9(b)

For reasons set forth in Point I(C), the Amended Complaint fails to adhere to the strict pleading requirements of FRCP Rule 9(b). Based on this, the Amended Complaint fails to state a fraud claim upon which relief may be granted.

### B.     Plaintiff's Amended Complaint Fails to Allege The Requisite Elements of a Fraud Claim

Assuming *arguendo* that the Amended Complaint satisfies Rule 9(b), the plaintiff's fraud claim still fails because it does not allege facts from which the elements of fraud claim may be established under New York law. In his Amended Complaint, plaintiff has failed to allege that: (i) defendants had knowledge of the falsity of the statements in the draft Attestation Letter (a.k.a., scienter); and (ii) plaintiff's reliance on the draft Attestation Letter was justifiable.

#### i.     Factual Allegations of Scienter are Absent

With respect to scienter, a plaintiff claiming fraud must allege facts showing a "strong inference of fraudulent intent" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995). In

15

addition, plaintiff must link the misleading statement with facts that give rise to the inference that the speaker had a basis for knowing it was false. *Shahzad v. H.J. Meyers & Co.*, 923 F. Supp. 57, 60 (S.D.N.Y. 1996).

Here, the only allegation in the Amended Complaint that attempts to provide factual support for defendants' scienter suffers from the same defect in *Shields* because it combines a factual statement with a conclusory allegation. (*See*, Exhibit A [Amended Complaint], ¶18) (Mr. Hoffman "was aware" of a $5 million judgment against Mr. Chartraw when he disbursed funds in the trust account to Mr. Chartraw). Elsewhere, the Amended Complaint alleges scienter entirely upon information and belief. (*See*, Exhibit A [Amended Complaint], ¶¶31, 33) ("upon information and belief the Defendants had actual knowledge"; "upon information and belief the Defendants made the above-referenced false representations...with knowledge of the misrepresentations").

Additionally, the Amended Complaint is silent with respect to any motive on the part of defendants to defraud plaintiff and fails to identify any circumstances that suggest defendants engaged in conscious or reckless misbehavior.

Therefore, plaintiff has failed to allege facts or circumstances sufficient to raise a strong inference of scienter.

### ii.     Factual Allegations of Justifiable Reliance are Absent

For reasons set forth in Point I(B), plaintiff has failed to allege justifiable reliance. Accordingly, because of plaintiff's failure to allege the fraud claim with the required specificity of FRCP Rule 9(b) or the elements of fraud under New York law, plaintiff's fraud claim must be dismissed.

Based on the foregoing, the Amended Complaint fails to allege a fraud claim upon which relief may be granted as a matter of law.

## POINT III

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A NEGLIGENCE CLAIM UPON WHICH RELIEF MAY BE GRANTED

In order to recover for negligence, plaintiff must allege and prove among other things, the existence of a duty owed by defendant to plaintiff. Here, the allegations do not support such a duty.

For reasons set forth in Point I(A), defendants owed no duty to plaintiff. *See, also*, *Gaddy v. Eisenpress*, 1999 U.S. Dist. LEXIS 19710 page 16 (S.D.N.Y. 1999)("To permit Plaintiff's general negligence claim against Defendant [attorney], would in effect, permit Plaintiff to make an end run around New York privity requirements .... absent contractual privity or a relationship approaching privity, the duty element of a negligence claim is missing (citations and internal quotations omitted).") and *Gianoukas v. Campitielo*, 2009 U.S. Dist. LEXIS 95354 page 16 (S.D.N.Y. 2009)(dismissing a negligence claim relying upon the "general rule" that "absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence."); *Kimmell v. Schaefer*, 89 N.Y.2d 257, 675 N.E.2d 450, 652 N.Y.S.2d 715 (1996)("Liability for negligence may result only from the breach of a duty running between a tortfeasor and the injured party.").

Accordingly, the negligence, claim in the Amended Complaint fail as a matter of law.

## POINT IV

## PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A BREACH OF FIDUCIARY DUTY CLAIM UPON WHICH RELIEF MAY BE GRANTED

To sufficiently state a claim for breach of fiduciary duty, a complaint must allege: (1) the existence of a fiduciary duty flowing from defendant to plaintiff; (2) a breach of the fiduciary duty. *See, e.g., Trustees of the Local 138 Pension Trust Fund v. Logan Circle Partners, L.P.,* 2012 U.S. Dist. LEXIS 73334, page 7 (E.D.N.Y. 2012) and *Infanti and Infanit International, Inc. v. Scharpf,* 2012 U.S. Dist. LEXIS 19165, page 19 (E.D.N.Y. 2012). Here, defendants owed no duty to plaintiff. Moreover, conclusory allegations of defendants serving as plaintiff's "escrow agent" do not remedy the defective nature of the factual allegations.

**A.     Defendants Did Not Owe a Duty to Plaintiff**

For reasons set forth in Point I(A), defendants did not owe a duty to plaintiffs. *See, also, Muller-Painser v. TIAA,* 289 Fed. Appx. 461, 465 (2d Cir. 2008)(noting that the analysis of the "duty" element of negligent misrepresentation and breach of fiduciary duty claims "requires the same inquiry.").

In opposition, it is anticipated that plaintiff may argue that defendants role as "escrow agent" distinguishes the well-settled cases limiting an attorney's liability only to cases where privity exists. Such an argument, if asserted, is of no help is salvaging the Amended Complaint.

In the Amended Complaint, plaintiff alleges that defendants were "acting as Plaintiff's Escrow Agent as represented in Defendants' Attestation Letter..." (*See*, Exhibit A [Amended Complaint], ¶36). However, contrary to the allegations of the Amended Complaint, the draft Attestation Letter does <u>not</u> represent that defendants will be plaintiff's escrow agent.

Furthermore, there are no allegations that plaintiff entered into an escrow agreement with defendants.

In the Amended Complaint, plaintiff makes allegations that defendants were his "escrow agent" as an implicit basis for liability. This conclusory allegation is a red-herring. In order to allege the existence of an escrow agreement, plaintiff must allege and prove: (1) an agreement as to the subject matter and delivery of the deposit; (2) a third-party depository; (3) delivery of the funds to the third-party contingent on the occurrence of some event; and (4) relinquishment of the depositor or instrument by the grantor. *See, e.g., Gianoukas v. Campitielo*, 2009 U.S. Dist. LEXIS 95354, page 16 (S.D.N.Y. 2009) and *Friedman v. Stern*, 1992 U.S. Dist. LEXIS 3033, page 6 (S.D.N.Y. 1992).

Moreover, with respect to breach of fiduciary duty, because "no one, against his will, can be forced to act as an escrow agent...[a]n escrow agent's liability for breach of fiduciary duty requires that the 'alleged escrow agent agreed to accept that responsibility.'" *Gianoukas v. Campitiello*, 2009 U.S. Dist. LEXIS 95354, page 7 (S.D.N.Y. 2009) (quoting *Friedman,* page 7) (internal citations omitted). In this case, there are no allegations that defendants ever agreed to act as plaintiff's escrow agent and there are no allegations that plaintiff entered into an escrow agreement with defendants.

In *Gianoukas* plaintiff investors brought a breach of fiduciary claim alleging that the defendant lawyers owed them a fiduciary duty as escrow agents and as signatories on the law firm's client trust account. *Gianoukas* at 5. As a preliminary matter, the *Gianoukas* Court noted that the motion to dismiss standard that a court must accept all allegations in the complaint as true does not extend to legal conclusions. *Gianoukas* at 6. Therefore, while the plaintiffs' amended complaint referred to the defendant lawyers as "escrow agents," the court emphasized

19

that "calling [defendants] escrow agents does not mean they were indeed escrow agents." *Id.*
Similarly, the Amended Complaint provides no justification for the escrow agent label other than
calling defendants plaintiff's escrow agent.

In finding that the defendant lawyers <u>never</u> agreed to act as the plaintiffs' escrow agent
and dismissing the breach of fiduciary duty claim, the *Gianoukas* Court was persuaded by the
facts that: (i) the amended complaint made <u>no</u> allegation that defendants were in contact with the
plaintiffs; (ii) the plaintiffs transferred funds into the trust account on the basis of a <u>third-party's</u>
<u>direction</u> (such as Mr. Chartraw), not defendants; (iii) the amended complaint did <u>not</u> allege that
the defendants agreed to accept funds from the plaintiffs; and (iv) the plaintiffs' deposit of funds
into the trust account did not mean that the defendant lawyers held the funds in a fiduciary
capacity or alter the fact that the defendants never agreed to act as escrow agents. *Id.* at 6, 10-11.

In *Friedman*, the court also determined that a defendant law firm had not agreed to act as
the parties' escrow agent where the plaintiff conceded that he <u>never</u> <u>spoke</u> with the defendant
individual lawyers of the law firm or any representative of the law firm. *Friedman* at 9.

Here, the Amended Complaint does <u>not</u> allege that an escrow agreement ever existed
between plaintiff and defendants and/or that plaintiff entered into an escrow agreement with
defendants. Further, the Amended Complaint does not allege that plaintiff had any contact with
either defendant at any time concerning an escrow agreement, or anything else. The Amended
Complaint does not allege that defendants requested a certain amount of funds from plaintiff or
instructed plaintiff regarding delivery of the deposit. These omissions, coupled with the absence
of any bank account information or discussion of a wire transfer in the draft Attestation Letter,
conclusively establish that plaintiff received his instruction on how and where to wire his funds
from a third-party, not defendants (*i.e.*, Mr. Chartraw). This fact is corroborated by the FBI:

> "**Chartraw** told [Henry Gimenez] he was using an attorney by the name of [Joseph Hoffman] located in Folsom, California, to facilitate the transaction and **sent [Henry Gimenez] an email with instructions to wire transfer** $75,000 to an escrow account, number XXXXX9731, maintained by [Joseph Hoffman] at JP Morgan Chase." (emphasis added).

(Exhibit C [Snodgrass Affidavit] page 3-4).

Moreover, the Amended Complaint erroneously alleges that the draft Attestation Letter provided details such as the name of the client trust account, the depository bank or the last four digits of the account number, when, in fact, it does not. (*Compare*, Exhibit A [Amended Complaint] ¶13 and Exhibit B [draft Attestation Letter]).

Based on the foregoing, the breach of fiduciary duty claim must be dismissed for want of duty.

### POINT V

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE AN INTENTIONAL MISREPRESENTATION CLAIM UPON WHICH RELIEF MAY BE GRANTED

To sustain claim for intentional misrepresentation under New York law, plaintiff plead, in accordance with FRCP Rule 9, that: (1) defendant made a material false statement or omission; (2) defendant intended to defraud plaintiff; (3) plaintiff reasonably relied upon the representation or omission; and (4) plaintiff suffered damage as a result of such reliance. *B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 480 (S.D.N.Y. 2010), *Ackerman, et al. v. The Coca-Cola Company,* 2010 U.S. Dist. LEXIS 73156, page 97 (E.D.N.Y. 2010), *Mackley v. Sullivan & Liapakis, P.C.*, 1999 U.S. Dist. LEXIS 6557 at *4-5 (S.D.N.Y. 1999).

## A.     Factual Allegations of Intention to Defraud are Absent

The Amended Complaint does not allege that defendants knowingly or intentionally made misrepresentation.  Based on this, the intentional misrepresentation claim has not been adequately stated and relief cannot be granted.

## B.     Factual Allegations of Justifiable Reliance are Absent

For reasons set forth in Point I(B), plaintiff has failed to allege facts supporting justifiable reliance.  Accordingly, the Amended Complaint fails to allege an intentional misrepresentation claim upon which relief may be granted.

## C.     Plaintiff's Intentional Misrepresentation Claim Does Not Comport to FRCP Rule 9(b)

The pleading requirements of FRCP Rule 9(b) apply to claims of intentional misrepresentation.  *See, e.g., Felfe v. CIBA Vision Corp.*, No. 03 CV 3357, 2004 U.S. Dist. LEXIS 4350, 2004 WL 551200, page 2 (S.D.N.Y. Mar. 19, 2004).  For reasons stated in Point I(C) plaintiff has failed to state a claim in accordance with Rule 9(b).

Based on this, the Amended Complaint fails to state an intentional misrepresentation claim upon which relief may be granted.

### CONCLUSION

The Amended Complaint fails to allege the existence of a duty owed by defendants to plaintiff and/or justifiable reliance upon the draft Attestation Letter.  Based on these two reasons, all of plaintiff's claims fail as a matter of law.  In addition, the Amended Complaint does not satisfy the heightened pleading standard of FRCP Rule 9(B) or the required elements of fraud under New York law.  Based on this, defendants respectfully request that this Court grant the motion to dismiss the Amended Complaint in its entirety pursuant to FRCP 12(b)(6); with no leave to amend; and such further and other relief as this Court finds appropriate.

Dated:    Woodbury, New York
            July 2, 2012

                             Yours, etc.,

                             KAUFMAN DOLOWICH VOLUCK & GONZO LLP
                             Attorneys for Defendants
                             LAW OFFICES OF HOFFMAN & HOFFMAN and
                             JOSEPH A. HOFFMAN, ESQ.

                             MICHAEL V. DE SANTIS, ESQ. (MD 9862)
                             135 Crossways Park Drive, Suite 201
                             Woodbury, New York 11797
                             (516) 681-1100

4850-7400-3727, v. 1

23