UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HENRY GIMINEZ,

                              Plaintiff,                    MEMORANDUM
                                                              OPINION AND ORDER
      - against-

                                                                       CV 12-0669 (JFB)(ETB)
LAW OFFICES OF HOFFMAN & HOFFMAN,
AND JOSEPH A. HOFFMAN,

                              Defendants.
----------------------------------------------------------------X
JONATHAN CANNON and JOEL KRINGEL,

                              Plaintiffs,

      - against -                                            CV 12-2844 (JFB)(ETB)

LAW OFFICES OF HOFFMAN & HOFFMAN
and JOSEPH A. HOFFMAN, ESQ.,

                              Defendants.
----------------------------------------------------------------X

      Before the Court is the defendants' motions to stay discovery, pending the outcome of the pending motions to dismiss, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiffs oppose defendants' motions on the grounds that defendants have failed to establish the requisite good cause to stay discovery. For the following reasons, defendants' motions to stay discovery are granted.

## FACTS

      These two related actions arise out of an alleged scheme wherein plaintiffs were

defrauded out of money by an individual known as Daniel Chartraw ("Chartraw").[1]  Specifically, plaintiffs allege that on April 4, 2011, defendants, Law Offices of Hoffman & Hoffman and the principal attorney, Joseph A. Hoffman, Esq., provided an executed Attestation Letter to its client, Chartraw, on behalf of Chartraw and Nexus Development, LLC, which asserted that Nexus Development, LLC was the primary shareholder of Azrock Holding, LLC and that Chartraw had authority to contract on behalf of both companies.  (Gimenez Am. Compl. ¶ 10; Cannon Compl. ¶ 11.)  Plaintiffs allege that the purpose of the Attestation Letter was to verify that Chartraw and Nexus Development, LLC were clients of defendants and that they owned at least one ton of dory bars, with a value of at least six million dollars.  (Gimenez Am. Compl. ¶ 11; Cannon Compl. ¶ 12.)  There is no particular addressee on the letter.  (Def. Letter Mot. dated July 2, 2012, Ex. A.)

According to plaintiffs, the Attestation Letter provided terms for a short term bridge loan for Chartraw's alleged gold mining business and included the percentage and amount of return to be paid back to the lenders, as well as the timing of the return payment.  (Gimenez Am. Compl. ¶ 12; Cannon Compl. ¶ 13.)  The Attestation Letter also provided instructions to deposit money directly into defendant Joseph Hoffman's ("Hoffman") client-trust account, held at JP Morgan Chase Bank.  (Gimenez Am. Compl. ¶ 13; Cannon Compl. ¶ 14.)

Plaintiffs allege that in reliance on the representations made by defendants in the Attestation Letter, they wired large sums of money to Hoffman's client-trust account.  (Gimenez Am. Compl. ¶ 14; Cannon Compl. ¶ 15.)  Plaintiffs thereafter attempted to contact Hoffman to confirm the truth and authenticity of the Attestation Letter.  (Gimenez Am. Compl. ¶ 15; Cannon

---

[1] Chartraw is being criminally prosecuted for this fraudulent scheme.  He is not a party to this action.

Compl. ¶ 16.) Plaintiff Gimenez did not receive any response from Hoffman while Hoffman directed plaintiffs Cannon and Kringel to contact Chartraw directly. (Gimenez Am. Compl. ¶ 16; Cannon Compl. ¶ 17.) None of the plaintiffs received returns on their loans. (Gimenez Am. Compl. ¶ 16; Cannon Compl. ¶ 17.) On April 17, 2012, Chartraw was arrested in La Paz, Mexico, pursuant to a warrant from the FBI, and has been indicted for fraud. (Gimenez Am. Compl. ¶ 18; Cannon Compl. ¶ 18.)

Plaintiffs commenced the within diversity actions in February and June 2012, respectively, asserting five causes of actions against defendants: (1) negligent misrepresentation; (2) fraud; (3) negligence; (4) breach of fiduciary duty; and (5) intentional misrepresentation. Plaintiffs assert that defendants intentionally and fraudulently misrepresented material facts in the Attestation Letter, upon which plaintiffs detrimentally relied when they wired funds to Hoffman's client-trust account. (Gimenez Am. Compl. ¶ 20; Cannon Compl. ¶ 20.) Plaintiffs seek to recover the funds defrauded, plus interest and attorney's fees and costs. (Gimenez Am. Compl. ¶ 21; Cannon Compl. ¶ 21.)

## Discussion

A party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause. See Telesca v. Long Island Housing P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *3-4 (E.D.N.Y. Apr. 27, 2006) (citing cases). The mere filing of a dispositive motion does not warrant the issuance of a stay under Rule 26(c). See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

"Although not expressly authorized by statue or rule, . . . the federal district courts have

discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citing cases). A court determining whether to grant a stay of discovery must look to the "particular circumstances and posture of each case." Id.

Courts consider the following factors in determining whether a stay of discovery is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claims lack merit (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 U.S. Dist. LEXIS 24311, at *1 (citing In re Currency Conversion Antitrust Litig., No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974, at *1 (S.D.N.Y. Jan. 22, 2002)). Courts may also take into account the following factors, none of which is dispositive: "the type of [dispositive] motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations;' the nature and complexity of the action; . . . whether some or all of the defendants join in the request for a stay; [and] the posture or stage of the litigation . . . ." Hachette, 136 F.R.D. at 358.

Defendants herein have established good cause to stay discovery. They present substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions. Moreover, defendants are residents of California with no contacts in New York. Forcing them to submit to depositions at this juncture would be burdensome. In addition, as defendants' point out in their letter motion, plaintiffs are likely to request document production concerning defendants' communications with Chartraw, much of which may be subject to the attorney-client privilege. Such discovery is likely to lead to protracted motion practice, which may end up being moot in the event these actions are dismissed. Finally, both of

the within actions are in their infancy. No discovery has taken place in either action yet. As such, there is little prejudice to plaintiffs in staying discovey.

Accordingly, discovery is stayed in both of the within actions pending the outcome of the currently pending motions to dismiss.

## CONCLUSION

For the foregoing reasons, discovery is stayed in both of the within actions pending the outcome of defendants' motions to dismiss.

**SO ORDERED:**

Dated: Central Islip, New York
       July 11, 2012

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge